UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2012 AUG 28 A 11: 18
U.S. DISTRICT COURT
DISTRICT OF MASS.

JOHN FOOTEN, )
)
)
Plaintiff )
)
v. ) Civil Action No.
)
CHIME MEDIA, LLC and )
GEORGE O'CONOR, )
)
Defendants )
)

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1. This action arises from the Defendants' improper classification of the Plaintiff as an independent contractor and their failure to issue the Plaintiff all wages and compensation earned by him within the time required by law.  As a result of the Defendants' impermissible employment practices, the Plaintiff has been denied various benefits to which he was entitled to receive under federal and state wage and hour laws, including eligibility for unemployment and workers' compensation.  The Plaintiff was also denied the timely and full payment of all wages and compensation that he rightfully earned during his employment.  In accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the Massachusetts Wage Act, M.G.L. c. 149 §§ 148 *et seq.* (the "Wage Act"), the Plaintiff seeks to recover: (i) lost employment benefits arising from the Defendants' misclassification of the Plaintiff as an independent contractor; (ii) unpaid wages and compensation for work he performed during his employment; (iii) mandatory treble damages and attorneys' fees under the Wage Act; and (iv) liquidated damages under the FLSA.

## Parties

2.     Plaintiff John Footen ("Footen") is an individual who presently resides at 43409 Riverpoint Avenue, Landsdowne, VA  20176.

3.     Defendant Chime Media, LLC ("Chime") is a Delaware company with a principal place of business located at 35 Ledgewood Road, Weston, MA  02493.

4.     Defendant George O'Conor ("O'Conor") is a Massachusetts resident who presently resides at 35 Ledgewood Road, Weston, MA  02493.

## Jurisdiction and Venue

5.     Footen realleges and reincorporates paragraphs 1 – 4 as if fully set forth herein.

6.     This Court has subject matter jurisdiction over Footen's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Footen's Wage Act claims pursuant to 28 U.S.C. 1367.  In addition, this Court has jurisdiction over Footen's FLSA claims pursuant to 29 U.S.C. § 216(b).

7.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(a).

## Statement of Facts

8.     Footen realleges and reincorporates paragraphs 1 – 7 as if fully set forth herein.

9.     Chime provides business intelligence technology and services to customers in the professional media and entertainment industry.

10.    From approximately October 31, 2009 through March of 2011, Chime was Footen's employer within the meaning of 29 U.S.C. § 203 of the FLSA and M.G.L. c. 148, § 1 of the Wage Act.

11. At all times relevant hereto, O'Conor was Chime's Chief Executive Officer and the person responsible for the management of Chime and the payment of wages and benefits to Chime employees, including Footen.

12. On October 31, 2009, Chime hired Footen as its Chief Technology Officer.

13. At this time, Chime and Footen entered into an Employment Agreement that outlined Footen's essential job duties. Chime paid Footen at a rate of $4,615 per week and Footen was eligible for certain non-discretionary performance-based bonus payments.

14. Among other things, Footen's job responsibilities required him to: (i) develop and implement Chime's technology development plan; (ii) develop Chime's infrastructure; (iii) assist in Chime's marketing efforts; (iv) develop and maintain Chime's market presence through public speaking engagements and the publication of articles, white papers, and presentations; (v) provide the technological expertise to close customer sales and licenses; (vi) work with Chime's customers and sales personnel to create and maintain a high quality experience for customers; and (vii) initiate, develop and consummate strategic relationships with potential customers.

15. On December 30, 2009, Footen and Chime entered into a Consulting Engagement that further characterized the scope of Footen's job responsibilities as a Chime employee. Footen continued to work for Chime at the same rate of pay, with the same performance-based incentives.

16. Chime purported to classify Footen as an independent contractor. However, Footen was in fact a Chime employee because he did not meet the definition of an independent contractor as set forth in M.G.L. c. 149 § 148B.

17. The financial and behavioral control that Chime exerted over Footen establishes that Chime should have been classified as a Chime employee, and not as an independent contractor.

18. The labor and services that Footen performed for Chime fell within Chime's usual course of business, which is to provide design and marketing services to customers in the professional media and entertainment industry.

19. At all times during Footen's employment, Chime controlled the details and execution of his work and instructed and dictated Footen's job performance.

20. Footen obtained all job assignments from Chime employees located in Massachusetts and had continuous contact with Chime's Massachusetts office.

21. Footen did not exercise any substantial degree of independent discretion or judgment related to the services he performed for Chime – his work was at all times supervised and approved by Chime employees.

22. During the time that he worked for Chime, Footen did not work in an independently established trade, occupation, profession, or business that provides similar services. Footen performed design and marketing services exclusively for Chime's customers and clients within the scope of Chime's business.

23. Despite the fact that Footen clearly worked in the capacity of a Chime employee, Chime and O'Conor misclassified Footen as an independent contractor and failed to: (i) withhold federal or state income taxes; (ii) issue Footen a W-2 or MISC-1099 tax form; and (iii) pay unemployment compensation contributions or workers compensation premiums.

24. Chime and O'Conor's misclassification of Footen as an independent contractor deprived Footen of compensation and other employment benefits that he would have received had he been properly classified as an employee.

25. In November of 2010, during a period of time when Footen was still a Chime employee, Chime inexplicably stopped paying Footen his earned wages. Chime also stopped issuing reimbursements of Footen's business expenses. Nevertheless, Footen continued to work as a Chime employee.

26. From November of 2010 through March of 2011, Mr. Footen continued to perform services for Chime that actively furthered the goals and objectives of Chime's business operations. Among other things, Footen: (i) published professional articles on behalf of Chime; (ii) marketed Chime's services and products; (iii) attended business meetings on Chime's behalf; and (iv) served on the Board of the Advanced Media Workflow Association.

27. Despite the labor and services Footen performed for Chime from November of 2010 through March of 2011, Chime failed to pay Footen any earned wages during this time and failed to make certain bonus payments that were required to be made under the terms of the agreements that existed between Chime and Footen.

### Exhaustion of Administrative Remedies

28. Footen realleges and reincorporates paragraphs 1 – 27 as if fully set forth herein.

29. On or about May 18, 2012, Footen filed a Wage Complaint with the Massachusetts Attorney General's Office. The Massachusetts Attorney General's Office issued its authorization for immediate private suit.

## Legal Claims

### Count One:
### Violation of the Wage Act: Employee Misclassification
(Footen v. Chime and O'Conor)

30. Footen realleges and reincorporates paragraphs 1 – 29 as if fully set forth herein.

31. M.G.L. c. 149, § 148B makes it unlawful to classify an employee as an independent contractor, except where "the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact . . . the service is performed outside the usual course of the business of the employer . . . [and] the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed."

32. As set forth above, the Defendants knowingly and willfully misclassified Footen as an independent contractor instead of an employee in violation of M.G.L. c. 149, § 148B.

33. As a result, Footen has suffered damages, including unpaid compensation and employment benefits, mandatory treble damages, attorneys' fees, and the costs of this action.

### Count Two:
### Violation of the Wage Act: Non-Payment of Wages
(Footen v. Chime and O'Conor)

34. Footen realleges and reincorporates paragraphs 1 – 33 as if fully set forth herein.

35. M.G.L. c. 149, § 148 requires that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week."

36. As set forth above, the Defendants knowingly and willfully failed to timely and completely issue Footen all the wages that he earned performing services for Chime.

37. As a result, Footen has suffered damages, including unpaid wages, mandatory treble damages, attorneys' fees, and the costs of this action.

### Count Three:
### Violation of the FLSA: Non-Payment of Wages
(Footen v. Chime and O'Conor)

38. Footen realleges and reincorporates paragraphs 1 – 37 as if fully set forth herein.

39. 29 U.S.C. § 206(a) requires an employer to pay wages to any employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce."

40. As set forth above, the Defendants knowingly and willfully failed to timely and completely issue Footen all the wages that he earned performing services for Chime.

41. As a result, Footen has suffered damages, including unpaid wages, liquidated damages, attorneys' fees, and the costs of this action.

### Count Four:
### Breach of Contract
(Footen v. Chime)

42. Footen realleges and reincorporates paragraphs 1 – 41 as if fully set forth herein.

43. As set forth above, there existed an agreement between Chime and Footen pursuant to which Footen provided Chime with certain services, and Chime agreed to make payments to Footen for the performance of his services.

44. Footen performed all of his obligations under the contract and met all performance goals for his quarterly and annual bonus payments.

45. Chime breached the agreement by failing to pay Mr. Footen all of his earned compensation and bonuses.

46. Footen has suffered damages as a result of Chime's breach.

### Count Five:
### Breach of Implied Covenant of Good Faith and Fair Dealing
(Footen v. Chime)

47. Footen realleges and reincorporates paragraphs 1 – 46 as if fully set forth herein.

48. In addition to the express covenants contained within the agreement between Footen and Chime, there existed an implied covenant that Chime would act in good faith and deal fairly with Footen.

49. By those acts and omissions set forth above, Chime breached that implied covenant.

50. Footen has suffered damages as a result of Chime's breach.

### Count Six:
### Unjust Enrichment
(Footen v. Chime)

51. Footen realleges and reincorporates paragraphs 1 – 50 as if fully set forth herein.

52. As set forth above, Footen conferred a benefit to Chime.

36. Chime knew of the benefit conferred upon it by Footen.

37. Chime's acceptance of the benefit under the circumstances described above was inequitable.

38. Footen has suffered damages as a result of Chime's conduct.

## Prayer for Relief

Footen respectfully requests that this Court grant him the following relief:

a. award Footen all lost compensation and employment benefits arising from Chime's misclassification of Footen as an independent contractor;

b. award Footen all unpaid wages due under the FLSA and the Wage Act;

c. award Footen mandatory treble damages under the Wage Act;

d. award Footen liquidated damages equal to his unpaid compensation under the FLSA;

e. award Footen all unpaid, but earned, compensation and bonus payments;

f. award Footen prejudgment interest, attorneys' fees, and costs;

g. issue appropriate injunctive relief against any and all ongoing unlawful employment practices; and

h. award such other and further relief as this Court deems necessary and proper.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Footen demands a trial by jury on all questions of fact raised by the Complaint.

Dated: August 27, 2012

Respectfully submitted,
JOHN FOOTEN
By his attorneys,

Charles F. Rodman, BBO# 641216
rodman@rodmanlawgroup.com
Matthew J. Wayne, BBO# 674923
wayne@rodmanlawgroup.com
Rodman Law Group LLC
36 Washington Street, Suite 190
Wellesley Hills, MA 02481
(781) 237-5500 [P]
(781) 237-5550 [F]